Judge Wright
delivered the opinion of the court:
The facts in this case are agreed, and we are to apply the law' to the facts. It is an admitted rule, that when money has been-paid by mistake, it may be recovered back in this action. It appears to us the payment in this case was made under a mistaken understanding of the true situation of the estate.- The administrator was under no obligation to pay before the true situation of the estate was ascertained; and if he paid to accommodate creditors, he had a right to require security to refund, if it turned out the *sum paid was more than the creditor’s dividend. In case suit is -brought, the law provides that administrators shall only be liable for assets, and that, too, notwithstanding he may never have got into legal difficulty by negligence, or false pleading. 29 Ohio L. 255; 5 Ohio, 87. This court has determined, that if an administrator prefer one creditor to another, the amount; overpaid was, as to other creditors, assets in his hands. 5 Ohio, 87. Even upon a forthcoming bond, by an administrator, it has-been held in Yirginia, that if afterward it turned out that the estate was insolvent, by the exhibition of new claims, the administrator was only liable for the distributive share of the assets. 1 Rand. 421. We think it just and equitable, as well as lawful, to-infer a promise to repay the sum received more than was due,, from the fact of its receipt through mistake.
The suit is correctly brought by the plaintiff in his individual character. He is personally responsible to other creditors, and should have a corresponding right to receive the amount. 17 Mass. 380.
The question upon the award is not without difficulty. Iff it-remains in force, it is conclusive against the plaintiff. But the agreed case admits that the partios, after the award, agreed to* *492 submit the controversy anew. We think this vacates the first sub* mission and award. The submission gives validity to the award. 3 Ohio, 513. It is, however, said this last assignment was procured by the plaintiff by threatening suit, and so has no legal efficacy. A threat could not affect the obligation, except it amounted to duress. That is not pretended in this case.
Judgment for plaintiff.